**F I L E D**
**United States Court of Appeals**
**December 11, 1997**

**DEC 10 1996**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**

———————

ELBERT STRICKLAND,

    Plaintiff-Appellant,

v.

CITY OF ALBUQUERQUE,

    Defendant-Appellee,

and

ARTHUR BLUMENFELD, PH.D.,
Chief Administrative Officer,

    Defendant.

No. 96-2233

———————

Appeal from the United States District Court
for the District of New Mexico
(D.C. No. CIV-93-1042 JP/DJS)

———————

Paul Livingston, Albuquerque, New Mexico, for Appellant.

Bruce Thompson, Asst. City Attorney (Robert M. White, City Attorney, with him on the brief), Albuquerque, New Mexico, for Appellee.

———————

Before **BALDOCK** and **HOLLOWAY**, Circuit Judges, and **BROWN**,* District Judge.

**BROWN**, District Judge.

———————

* Honorable Wesley E. Brown, Senior District Judge for the District of Kansas, sitting by designation.

      Plaintiff appeals a summary judgment order of the district court holding that plaintiff's

claims against the City of Albuquerque under 42 U.S.C. § 1983 are barred by res judicata. We have jurisdiction pursuant to 28 U.S.C. § 1291. For the reasons set forth herein, we affirm.

Plaintiff began employment with the City of Albuquerque as a Sun Trans Bus Operator on August 27, 1990, and became a full-time, permanent employee. On March 18, 1992, the City administered a drug test on which plaintiff tested positive for cannabinoids or marijuana. On March 30, 1992, the City advised plaintiff in writing of a disciplinary predetermination hearing that would be held on April 14, 1992. The notification stated that the disciplinary action under consideration was termination. Plaintiff, who was represented by an attorney, attended the hearing. Plaintiff argued that the City did not adhere to its own procedures for mandatory drug testing and that the drug test yielded false positive results because he never used marijuana. Because of the positive drug test, the City decided to terminate plaintiff as of April 17, 1992.

After a post-termination hearing held August 31, 1992, the Personnel Hearing Officer, T. Zane Reeves, issued findings of fact and concluded that the City had just cause to terminate plaintiff's employment. On October 15, 1992, the City Personnel Board voted 3-0 to uphold the Hearing Officer's recommendation to sustain plaintiff's termination. Plaintiff's challenge of his termination and the hearing and appeal afforded to him were made pursuant to the City of Albuquerque's Merit System Ordinance, which provides that city employees may only be terminated for specified reasons and provides them with certain

2

procedural rights, including an adversary hearing before a hearing officer and review of the hearing officer's determination by the Personnel Board. See e.g., Saavedra v. City of Albuquerque, 859 F.Supp. 526, 527 (D.N.M. 1994), aff'd 73 F.3d 1525 (10th Cir. 1996). The Merit System Ordinance and the New Mexico statutes permit an appeal of a Personnel Board ruling to the New Mexico state district courts. Review of such rulings in the district court is based upon the record and is generally limited to determining whether the Board acted arbitrarily or capriciously or whether the order was unsupported by substantial evidence or was otherwise unlawful. Albuquerque, N.M., Merit System Ordinance § 2-9-25(D)(5).

On November 17, 1992, plaintiff filed a "Petition for Writ of Certiorari" in the Second Judicial District Court of Bernalillo County, New Mexico, seeking review of the Personnel Board's decision. The City was one of the named defendants in the action. The parties filed briefs on the matter and on October 19, 1995, presented oral arguments to District Court Judge Gerard W. Thomson. Based upon a review of the record, Judge Thomson entered a judgment on November 27, 1995, in which he concluded that the Personnel Board's decision was not arbitrary or capricious, contrary to law, or unsupported by substantial evidence. On December 20, 1995, plaintiff appealed Judge Thomson's ruling to the New Mexico Court of Appeals, which subsequently affirmed the judgment. Aplt. Br., Exh. 2.

On August 31, 1993, after plaintiff had filed the state court action but before that court had entered its judgment, plaintiff filed the instant action in the United States District Court

for the District of New Mexico. The federal complaint, based upon 42 U.S.C. § 1983, alleged that the defendants violated plaintiff's Fourth Amendment right to be free from unreasonable searches by administering a drug test without reasonable suspicion, and his Fourteenth Amendment rights to due process of law by failing to provide adequate procedures in connection with his termination. The complaint also asserted several state law causes of action. The City was again one of the named defendants.[1] On August 17, 1994, the district court entered an order staying the federal case pending resolution of the state court proceeding.[2] After judgment was entered in the Bernalillo County action, the City moved for summary judgment in the federal case, arguing that plaintiff's claims were now barred by res judicata. The federal district court agreed, finding that the claims were barred because they could have been asserted in the Bernalillo County action. The district court declined to exercise supplemental jurisdiction over plaintiff's state law claims and dismissed them without prejudice. Plaintiff now appeals the summary judgment order, arguing that the district court erred in its application of res judicata.

Discussion.

The starting point for addressing the preclusive effect of the state court judgment is

---

[1] The City Personnel Board, Linda Logan-Condon, T. Zane Reeves and Arthur Blumenfeld were also named as defendants. The district court dismissed these defendants from the action on summary judgment and that ruling has not been challenged on appeal.

[2] The City's motion to stay the federal action argued that if the state court action were resolved first, the judgment in that case would bar the federal action by virtue of res judicata. Aplt. App. Doc. 5. Despite this, plaintiff made no effort to include the § 1983 claims in the state court action.

4

the federal "full faith and credit" statute, 28 U.S.C. § 1738, which provides in part:

> Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the court of such State ... from which they are taken.

Section 1738 requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the state courts from which they emerged. Kremer v. Chemical Construction Corp., 456 U.S. 461, 466 (1982). Accordingly, the court is required to give the Bernalillo County district court judgment the same preclusive effect it would be given in the courts of New Mexico.

Res judicata, or "claim preclusion," bars litigation of claims that were or could have been advanced in an earlier proceeding. State Ex Rel. Martinez v. Kerr-McGee Corp., 120 N.M. 118, 898 P.2d 1256, 1259 (N.M.Ct.App. 1995). Under New Mexico law there are four requisite elements for res judicata: (1) the same party or parties in privity; (2) the identity of capacity or character of persons for or against whom the claim is made; (3) the same subject matter; and (4) the same cause of action in both suits. Myers v. Olson, 100 N.M. 745, 676 P.2d 822, 824 (1984). There is no dispute that the first three elements are satisfied here. The conflict centers on the fourth element.

The New Mexico Supreme Court has adopted the rules set forth in Restatement (Second) of Judgments Sections 24 and 25 for defining the scope of a "claim" or "cause of action" that is barred by a prior judgment. See Three Rivers Land Co. v. Maddoux, 98 N.M. 690, 652 P.2d 240, 245 (1982), overruled in part on other grounds by Universal Life Church

5

v. Coxon, 105 N.M. 57, 728 P.2d 467, 469 (1987).  Restatement Section 24 provides:

> (1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18, 19)[3], the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.
> (2) What factual grouping constitutes a "transaction", and what groupings constitute a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

In adopting this transactional view of "claim," the Restatement reflects the fact that under modern forms of procedure the parties have the means to present all material relevant to the transaction without confinement to a single substantive theory or form of relief.  As such, "[t]he law of res judicata now reflects the expectation that parties who are given the capacity to present their 'entire controversies' shall in fact do so." Restatement(Second) of Judgments § 24, Comment a.

The Restatement rules lead us to conclude that plaintiff's allegations under § 1983 are part of the same claim he asserted in Bernalillo County District Court.  In "Strickland I" plaintiff challenged his termination under the City's Merit System Ordinance.  He argued that the drug test and the procedures used by the City to terminate him were faulty.  In terms of

---

[3] Section 19 provides: "A valid and personal judgment rendered in favor of the defendant bars another action by the plaintiff on the same claim."

6

time, space, and origin, these allegations are almost identical to those underlying plaintiff's § 1983 claims. There is a substantial, if not complete, overlap in terms of the witnesses and proof relevant to both actions. See Ford v. New Mexico Dept. of Pub. Safety, 119 N.M. 405, 891 P.2d 546, 554 (1994). The fact that plaintiff's federal claims attempt to vindicate interests or obtain remedies other than those pursued or made available under the Merit System Ordinance does not make the prior action a different "claim." Even where a single act causes a number of different harms or gives rise to liability under a number of different legal theories, there is ordinarily only one transaction. Restatement(Second) of Judgments § 24, Comment c. As the New Mexico Court of Appeals has recognized, "[i]n line with this approach, federal decisions in employment cases have determined under both federal and state law of judgments that where the thrust of both lawsuits is whether the plaintiff was wrongfully discharged, an adverse judgment in the first suit bars the second." Ford, 119 N.M. 405, 891 P.2d at 554 (citing cases from numerous jurisdictions where plaintiff was terminated, pursued administrative remedies, appealed to state district court, lost, and then filed federal civil rights suit).

In resisting the application of res judicata, plaintiff argues that his federal claims should not be precluded because he could not have asserted them in the City administrative hearings. He contends that the Personnel Board's jurisdiction is limited to determining whether there was "just cause" for his termination under the Merit System Ordinance. Assuming this to be true, it nevertheless misses the point. No contention is made that the

7

federal claims are barred because plaintiff did not raise them before the Personnel Board. The issue is whether they are barred because they could have been asserted in the Bernalillo County District Court action that resulted in a judgment in favor of the City. As a practical matter, the § 1983 claims are clearly part of the same transaction as the Merit System claim. The fact that they are based on federal rather than state law does not affect the application of claim preclusion. The Restatement(Second) of Judgments § 25, Comment e provides:

> A given claim may find support in theories or grounds arising from both state and federal law. When the plaintiff brings an action on the claim in a court, either state or federal, in which there is no jurisdictional obstacle to his advancing both theories or grounds, but he presents only one of them, and judgment is entered with respect to it, he may not maintain a second action in which he tenders the other theory or ground. If however, the court in the first action would clearly not have had jurisdiction to entertain the omitted theory or ground (or, having jurisdiction, would clearly have declined to exercise it as a matter of discretion), then a second action in a competent court presenting the omitted theory or ground should be held not precluded.

Plaintiff has shown no barrier to the joinder of his § 1983 claims in the state court action.[4] The state court would have had subject matter jurisdiction over the § 1983 claims. See e.g., Martinez v. California, 444 U.S. 227, 283, n.7 (1980). In fact, plaintiff actually

_____

[4] Plaintiff complains that he would have had "only an unreasonably limited ability to raise his federal constitutional claims" in state court because that court's review of a decision by the Personnel Board is deferential and is limited to a review of the record. Cf. Restatement(Second) of Judgments § 26(1)(c) (recognizing exception to res judicata where court's authority in first action is limited). These limitations, however, apply only insofar as review of the Board's ruling under the Merit System Ordinance is concerned; they would not apply to § 1983 claims asserted in state court for violation of constitutional rights.

alleged the better portion of those claims in the state action, although plaintiff's counsel asked the court during oral argument to ignore the constitutional claims because they were pending in the federal case and he did not want to be precluded by actually litigating the claims in state court.[5] Aplt. App. at 90-93, 121. Moreover, the record shows that in other cases before the New Mexico state district court, plaintiff's counsel has asserted damage claims for violations of constitutional rights along with petitions for review of City Personnel Board merit system rulings. Aplt. App. Doc. 9, Exh. F. In sum, we find that plaintiff had the capacity to assert his § 1983 claims in the Bernalillo County District Court action and that the New Mexico rules against claim splitting required him to do so.[6] The fact that the § 1983

---

[5] Although the state district court acceded to counsel's request to disregard the constitutional arguments, no showing has been made the court expressly reserved plaintiff's right to maintain the federal action. Cf. Restatement(Second) of Judgments § 26(1)(b) (recognizing exception to res judicata where the first court expressly reserves the plaintiff's right to maintain the second action).

[6] We do not read Zamora v. Village of Ruidoso Downs, 120 N.M. 778, 907 P.2d 182 (1995) as preventing assertion or trial de novo of § 1983 claims joined with a petition for review of a city Personnel Board ruling. Zamora does indicate that a claim for breach of an implied employment contract may not be asserted as an independent basis for recovery when joined with a petition for review of a Personnel Board determination that the employee was properly terminated under the city's Merit System Ordinance. This is so, however, because the Board's determination of the latter issue necessarily precludes the former. See id., 907 P.2d at 186 ("Although the proceedings before the Board may not have been termed an action for breach of an implied employment contract, those proceedings necessarily involved the question of whether the Ordinance — the basis of [plaintiff's] alleged implied employment contract — was indeed violated."). The same is not necessarily true with respect to § 1983 claims for deprivation of constitutional rights. And, while Zamora makes clear that a plaintiff is not entitled to a de novo trial insofar as review of a Personnel Board's determination is concerned, nothing therein suggests that a plaintiff is not entitled to a trial de novo on claims for violation of constitutional rights that were not asserted before the Board.

9

claims may not have been actually litigated in the state court is of no moment. "Claim preclusion does not depend upon whether the claims arising out of the same transaction were actually asserted in the original action." Ford, 652 P.2d at 555. The doctrine bars claims that were or could have been brought in the prior proceeding. Id.

Plaintiff also argues that the application of res judicata would be inconsistent with § 1983's remedial objectives and that he has a right to bring his federal claims in a federal forum. These contentions are answered by Migra v. Warren City School Dist. Bd. of Ed., 465 U.S. 75, 85 (1984), where the Supreme Court made clear that "Section 1983 ... does not override state preclusion law and guarantee petitioner a right to proceed to judgment in state court on ... state claims and then turn to federal court for adjudication of ... federal claims." "Although such a division may seem attractive from a plaintiff's perspective, it is not the system established by § 1738." Id. at 84. Plaintiff had a choice of pursuing these claims in state court, where the court could exercise concurrent jurisdiction over the § 1983 claims, or in federal court, where the court could exercise supplemental jurisdiction over the state law claims.

Once the plaintiff chose to seek judicial relief in state court, the interest of the City and of society in bringing litigation to a close weighed heavily in favor of requiring him to assert all available claims relating to his termination in a single action. Plaintiff has not shown that any of the exceptions to res judicata apply such that this interest was overcome. See Restatement(Second) of Judgments § 26 (listing exceptions to the general rule against

10

claim splitting). In sum, we find that the district court did not err in finding that plaintiff's claims under § 1983 are barred by res judicata.

Aside from res judicata, plaintiff also contends that the district court erred by staying the federal action to await the outcome of the state suit. Whatever the merits of such a claim might be under other circumstances, the record here discloses that the City's request for a stay was granted as uncontested because plaintiff failed to file a timely response opposing it. Aplt. App. at 140. As such, we cannot find that the district court's stay order was erroneous.

Conclusion.

The judgment of the district court is AFFIRMED.