F I L E D
United States Court of Appeals
Tenth Circuit

APR 19 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RAMON MARES,

      Plaintiff-Appellant,

vs.

CITY OF ALBUQUERQUE,

      Defendant-Appellee.

No. 98-2118
(D.C. No. CIV-95-674-BB)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **PORFILIO**, and **KELLY**, Circuit Judges.

Plaintiff-Appellant Ramon Mares appeals from the entry of summary

judgment in favor of Defendant-Appellee City of Albuquerque ("the City") in this

employment termination case. The federal district court gave preclusive effect to

an order by a New Mexico state court, affirming the decision of the City's

Personnel Board and finding that the Personnel Board's actions were not

arbitrary, capricious, or contrary to law. The federal district court held that,

because Mr. Mares litigated or could have litigated his breach of employment

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

contract and Due Process claims in the first case, he was precluded from bringing them in his second suit. The court also granted summary judgment for the City on the Fourth Amendment claim because Mr. Mares was neither terminated for objecting to a drug test nor unreasonably required to submit to one. In his brief, Mr. Mares challenged the dismissal of all his claims on the basis of *res judicata* and the Fourth Amendment claim on the merits. However, his attorney stated at oral argument that he wished to limit his appeal to the Fourth Amendment ruling. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

Background

In 1992, Mr. Mares suffered a temporary disability related to his employment as a Field Service Operator with the City's Public Works Department. He exhausted his disability leave and, according to the Personnel Board, "effectively was no longer an employee of the City as of July 1993." Aplt. App. at 74. In November 1993, he returned to his old position with the Public Works Department. While the City contends that Mr. Mares was rehired, Mr. Mares maintains that he was not a new employee.

Several weeks after he returned to work, Mr. Mares was required to take a pre-employment physical examination, which included a drug test. He failed to appear for the first scheduled exam and neglected to call beforehand to cancel it.

- 2 -

He also missed a second appointment on December 7, 1993 after receiving written notice that he must attend. See Aplt. App. at 75. The City then held a hearing at which Mr. Mares explained that he missed his medical appointments because his father was gravely ill. He was given another opportunity for a physical on December 23, 1993. The City discharged him for failing to attend this appointment.

After he was terminated, Mr. Mares filed a grievance with the City's Personnel Board, challenging the discharge. A grievance hearing was held; the hearing officer issued findings of fact and concluded there was just cause for termination; the Personnel Board upheld Mr. Mares' termination on the basis of the hearing officer's report. When Mr. Mares appealed this result in state district court, he challenged not only the Personnel Board's decision and his termination without just cause, but also claimed violations of the United States and New Mexico Constitutions. See Aplt. App. at 48. The state district court found that the Personnel Board's decision was "supported by substantial evidence" and was not "arbitrary, capricious or contrary to law." Aplt. Supp. App. at 4.

Mr. Mares then filed a second case in state court, alleging breach of an employment contract and violation of his Fourth Amendment and Due Process rights. He prayed for reinstatement, damages, costs and reasonable attorney's fees. His Fourth Amendment claim charged the City with conditioning his

employment on an unreasonable search when it required him to submit to a drug urinalysis.

The case was removed to federal court, and in an order issued in March 1997, the federal district court granted summary judgment for the City (1) on the breach of contract claim due to *res judicata* and (2) on the merits of the Fourth Amendment claim. A subsequent order, dated April 3, 1998, barred the substantive Due Process claim on the basis of *res judicata*. Mr. Mares appeals the grant of summary judgment on his Fourth Amendment claim.

Discussion

I. Merits of the Fourth Amendment Claim

According to Mr. Mares, drug testing of City employees "constitutes a search, a governmental action infringing an expectation of privacy," and terminating him for refusing to undergo this procedure violated his Fourth Amendment rights. Aplt. Br. at 35 (internal quotation marks omitted). He contends, somewhat inconsistently, that the City required him to submit to a suspicionless search and that it knew about and penalized him for his prior drug addiction.

We review a grant of summary judgment de novo, applying the same legal standard as the district court. See Sundance Assocs., Inc. v. Reno, 139 F.3d 804,

807 (10th Cir. 1998). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). After reviewing the record, we conclude that the parties do not dispute any facts material to the Fourth Amendment claim, though they disagree over whether Mr. Mares was a new employee.

The district court granted summary judgment for the City after concluding that (1) "this is not a drug testing case," Aplt. App. at 308; and (2) in the alternative, the requirement of drug testing without individualized suspicion was reasonable because Mr. Mares held a safety-sensitive position. See id. at 309-10. We agree with the first ground and thus do not need to reach the second. Mr. Mares' case does not rise to constitutional magnitude because, on the undisputed facts, he was fired for failing to appear for his scheduled physical exam, not for refusing to take a drug test. He did not object to the drug test itself until he filed his second suit. Indeed, he told the hearing officer that his father's illness and his objection to being treated like a new hire prompted his non-participation in the physical exam. See Aplt. App. at 103-04, 106. The events at the time of Mr. Mares' termination did not involve a drug testing issue, and he may not

retrospectively invent one. Hence, the court properly granted summary judgment for the City on the Fourth Amendment allegation.

## II. Res Judicata

Even if Mr. Mares' Fourth Amendment claim were meritorious, it would be precluded by *res judicata*, as are his contract and Due Process claims. The federal "full faith and credit" statute, 28 U.S.C. § 1738, requires a federal court to give a state-court judgment "the same preclusive effect as would be given that judgment under the law of the State in which [it] was rendered." Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984); see Strickland v. City of Albuquerque, 130 F.3d 1408, 1411 (10th Cir. 1997) (citing Kremer v. Chemical Constr. Corp., 456 U.S. 461, 466 (1982)).

The principle of *res judicata* prevents the relitigation of claims that "were or could have been advanced in an earlier proceeding." Strickland, 130 F.3d at 1411 (citing State Ex Rel Martinez v. Kerr-McGee Corp., 898 P.2d 1256 (N.M. Ct. App. 1995)). Under New Mexico law, a claim is precluded if it involves "(1) the same party or parties in privity; (2) the identity of capacity or character of persons for or against whom the claim is made; (3) the same subject matter; and (4) the same cause of action" as a prior suit. Chavez v. City of Albuquerque, 952 P.2d 474, 478-79 (N.M. Ct. App. 1997). Because the parties agree that the first three

elements of *res judicata* are satisfied, our analysis focuses on the fourth element.

We note that Mr. Mares raised breach of contract and constitutional claims (albeit in a vague manner) before the state district court and thus all of his claims were arguably litigated in the first case. Moreover, even if Mr. Mares failed to raise his Fourth Amendment and Due Process claims in tandem with his appeal, the City contends that he *could* have done so. Considering Tenth Circuit precedent and relevant New Mexico law, we agree with the City.

Mr. Mares argues that state appellate review "was limited to the issues raised . . . before the Personnel Board, i.e., was there just cause." Aplt. Br. at 23. To support his contention that he could not have raised his constitutional claims when he appealed the Personnel Board decision, he cites Zamora v. Village of Ruidoso Downs, 907 P.2d 182 (N.M. 1995), Wolfley v. Real Estate Comm'n, 668 P.2d 303 (N.M. 1983), Conwell v. City of Albuquerque, 637 P.2d 567 (N.M. 1981), and several New Mexico Court of Appeals cases. We agree that, under New Mexico law, administrative proceedings are reviewed to determine whether the administrative body acted fraudulently, arbitrarily, or capriciously; whether the order was supported by substantial evidence; and whether the administrative body exceeded its authority – unless a statute provides a different standard of review. See Zamora, 907 P.2d at 188; Conwell, 637 P.2d at 569; Garcia v. County of Bernalillo, 839 P.2d 650, 651 (N.M. Ct. App. 1992). The law also appears to be

well-established that a party cannot change its theory of the case on appeal, see Kaiser Steel Corp. v. Revenue Div., 628 P.2d 687, 690 (N.M. Ct. App. 1981), or raise issues on appeal that were not advanced in the administrative proceeding. See Wolfley, 668 P.2d at 305.

However, we do not believe this case law precluded Mr. Mares from asserting new constitutional claims for damages, along with his petition for review of the Personnel Board ruling. See Strickland, 130 F.3d at 1413 n.6 (distinguishing Zamora from a case nearly identical to Mr. Mares'). Indeed, in Strickland, we held that *res judicata* barred a plaintiff from bringing a §1983 suit in federal court because he could have joined §1983 claims to his state appeal of a Personnel Board ruling. See id. at 1413.

Neither Zamora nor Wolfley prohibits joinder in *state district court* of constitutional claims *not* decided by an administrative body. Zamora only indicates that a claim may not be raised as an independent basis of recovery when the Personnel Board has already decided that question. See Zamora, 907 P.2d at 185-86; see also Strickland, 130 F.3d at 1413 n.6. In Wolfley, the New Mexico Supreme Court prevented an appellant from raising a new objection to the adequacy of notice because he had not done so "at the hearing before the [Real Estate] Commission or *before [the state] district court.*" Wolfley, 668 P.2d at 305 (emphasis added). Given this language, Wolfley might have been entitled to trial

de novo of the due process issue at the state district court level.  See id.

Moreover, in Chavez, 952 P.2d at 477, the New Mexico Court of Appeals recently allowed a plaintiff to split his claims between a grievance proceeding and the state district court, even though they arose from the same disciplinary action, because the Personnel Board lacked jurisdiction over his constitutional claims.

We are bound by our interpretation in Strickland, see In re Smith, 10 F.3d 723, 724 (10th Cir. 1993), and have found no New Mexico cases directly to the contrary.  Therefore, we hold that Mr. Mares could have raised his Fourth Amendment claim before the state district court in his first case.  Because the unreasonable search-and-seizure allegation shared "a common nucleus of operative facts" with the just cause claim, see Chavez, 952 P.2d at 479, and would have involved "substantial, if not complete, overlap in terms of the witnesses and proof," Strickland, 130 F.3d at 1412, it was precluded by *res judicata*.  The same is true for the Due Process and employment contract claims.  Summary judgment in favor of the City was thus appropriate even if Mr. Mares' grievances had a legitimate Fourth Amendment dimension, which we do not believe they had.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge