**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 28 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

DENNIS JAMES KYLER,

Petitioner-Appellant,

v.

MONTEZUMA COUNTY; STATE OF
COLORADO; TIMOTHY WOOD,
Sheriff of Montezuma County;
GEORGE BUCK, JR., District
Attorney of Montezuma County;
GRACE S. MERLO, District Court
Judge of Montezuma County;
SHARON HANSEN, County Court
Judge of Montezuma County; FRANK
J. VIEHMANN, JR., Deputy State
Public Defender of Montezuma
County; MIKE BRUNK, Undersheriff
of Montezuma County; DON
GRAVES, Lt., of Montezuma County;
RODNEY PETERSON, Sgt. of
Montezuma County; JOE WAGNER,
Corporal of Montezuma County Jail;
JOHN AND JANE DOES, one through
twenty as amended,

Respondents-Appellees.

No. 99-1052
(D.C. No. 96-N-2183)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order

(continued...)

Before **BRORBY** , **PORFILIO** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Petitioner Dennis James Kyler, a prisoner appearing pro se, appeals the district court's dismissal of his petition, filed on September 16, 1996, alleging violations of numerous United Nations Human Rights resolutions and covenants and seeking relief under the Alien Tort Statute, 28 U.S.C. § 1350 (ATS), and the Torture Victim Protection Act of 1991, codified in the statutory notes to 28 U.S.C. § 1350 (TVPA).  On June 16, 1997, the magistrate judge recommended the petition be dismissed for lack of jurisdiction, claim preclusion, and failure to state a claim upon which relief could be granted.

Petitioner filed objections to the magistrate's recommendation in July 1997, but the district court did not rule on the motion to dismiss.  Eventually, plaintiff filed a notice of appeal in January 1999.  We requested the parties to submit

---

[*](...continued)
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

briefs addressing whether we had jurisdiction because the district court had not yet entered a final order. The parties submitted briefs but shortly thereafter, on March 9, 1999, the district court entered a final order adopting the magistrate judge's recommendation and dismissing the petition. On March 22, 1999, petitioner filed a document entitled "Motion on Jurisdiction," requesting that this court take jurisdiction over his appeal in light of the district court's entry of final judgment.

A document can serve as the notice of appeal if it is filed within the thirty-day appeal period specified in Fed. R. App. P. 4 and gives the notice required by Fed. R. App. 3. *See Smith v. Barry*, 502 U.S. 244, 248-49 (1992). Petitioner's "Motion on Jurisdiction" contained the three elements of notice required by Rule 3(c), that is, the identity of the party appealing, the order or judgment appealed from, and the court to which the appeal is taken. Thus, we construe petitioner's March 22, 1999 pleading, which was filed within thirty days of the entry of final judgment, as the functional equivalent of a notice of appeal, and conclude, therefore, that we have jurisdiction over petitioner's appeal.

Petitioner alleges that defendants violated his rights under the United Nations Charter, the Universal Declaration of Human Rights, and the International Covenant on Civil and Political Rights. These provisions call upon governments to take certain action and are not addressed to the judicial branch of

-3-

our government. They do not, by their terms, confer rights upon individual citizens and, thus, petitioner does not have standing to bring these claims. *See Dickens v. Lewis*, 750 F.2d 1251, 1254 (5th Cir. 1984); *Diggs v. Richardson*, 555 F.2d 848, 851 (D.C. Cir. 1976).

Petitioner asserts claims based on the ATS, which applies only when (1) an alien sues, (2) for a tort, (3) that was committed in violation of the "law of nations" or a treaty of the United States. *See Kadic v. Karadzic*, 70 F.3d 232, 238 (2d Cir. 1995). The district court correctly dismissed this claim because petitioner is not an alien, and, therefore, lacks standing to bring a claim under the ATS.

Petitioner also claims that his allegations are actionable under the TVPA, which provides that any individual who, under actual or apparent authority, or color of law, of any foreign nation subjects an individual to torture or extrajudicial killing shall, in a civil action, be liable for damages. The district court correctly dismissed this claim as well because none of the alleged actions by any of the defendants were taken under color of law of any foreign nation.

Moreover, as the district court noted, the claims in this petition are based on the same factual allegations as petitioner raised in a 42 U.S.C. § 1983 civil rights action he filed in 1996 against the same defendants, which was fully litigated. Thus, the district court also correctly held that petitioner is precluded

-4-

from now asserting these claims. *See Strickland v. City of Albuquerque*, 130 F.3d 1408, 1411 (10th Cir. 1997) (outlining elements of claim preclusion, which prevents the relitigation of claims that "were or could have been advanced in an earlier proceeding.").

The magistrate judge thoroughly explained why petitioner's claims lacked any legal merit in its report and recommendation adopted by the district court's order dismissing this action. Petitioner's appeal is frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (a claim is frivolous if it relies on an "indisputably meritless legal theory"). Accordingly, the appeal is DISMISSED as frivolous under 28 U.S.C. § 1915(e)(2)(B), to count as a "prior occasion" for purposes of the three-strikes provision set out in 28 U.S.C. § 1915(g). See *Jennings v. Natrona County Detention Ctr. Med. Facility*, 175 F.3d 775, 780-81 (10th Cir. 1999).

The mandate shall issue forthwith.

Entered for the Court

Wade Brorby
Circuit Judge