FILED
United States Court of Appeals
Tenth Circuit

August 14, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

MASCARENAS ENTERPRISES, INC.,

Plaintiff-Appellant,

v.

CITY OF ALBUQUERQUE,

Defendant-Appellee.

No. 12-2003
(D.C. No. 1:11-CV-00430-LFG-WDS)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before **TYMKOVICH**, **HOLLOWAY**, and **MATHESON**, Circuit Judges.

Mascarenas Enterprises, Inc. appeals from an opinion and order granting summary judgment in favor of the City of Albuquerque. The district court held that the claim preclusion doctrine barred Mascarenas's suit for breach of contract and violation of its civil rights under 42 U.S.C. § 1983. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

From approximately 1998 until 2008, the City authorized Mascarenas, an insurance brokerage firm, to sell voluntary insurance products to its employees. In 2009, the City issued an Invitation to Propose (ITP) for vendors to submit proposals to sell insurance to its employees. As the City explains the process, it "bought no products or services for itself, but was acting as an employer in allowing benefit providers access to its employees." Aplee. Resp. Br. at 1. Mascarenas submitted a proposal, but in March 2010 the City did not select it.

In early April 2010, Mascarenas filed a "Notice of Appeal" in state district court for review of the City's selection process under the ITP (the first suit). Shortly thereafter, it filed an "amended petition"[1] in which Mascarenas explained in more detail the relief it was seeking. The petition described the appeal as "concern[ing] [the] decisions of the City . . . taken on or about March 15, 2010, concerning the City's selection of vendors under an [ITP]." Aplt. App. at 92. It further explained:

> From [Mascarenas's] perspective, the ITP proceeding has been highly irregular and unfair to [Mascarenas], and will result in substantial economic losses to [Mascarenas]. . . . The City maintains that its ITP does not fall within the City's Purchasing Ordinance, and it is not clear what rules, if any, apply to the City's ITP process.
>
> [Mascarenas] seeks a judicial determination, based on the administrative record to be produced, that the City's ITP process was arbitrary, capricious, and an abuse of discretion, was not supported by substantial evidence, or otherwise was not in accordance with law.

---

[1]N.M. Dist. Ct. R. Civ. P. 1-075 provides for certiorari review in the district court of decisions such as those made under the City's ITP process.

*Id*. at 93. Mascarenas restated these allegations a few weeks later in its "Second Amended Petition for Writ of Certiorari Pursuant to NMRA 1-075, and Complaint for Declaratory Judgment," *id*. at 95. It further alleged that the "highly irregular and unfair" process "will result in substantial economic losses," *id*. at 96, and requested "a declaratory judgment, pursuant to NMRA 44-6-1 et seq., that the ITP process and decisions . . . are not in accordance with law," and for "such other relief as the Court deems just and proper." *Id*. at 97-98.

After briefing and oral argument, the state court granted partial summary judgment for Mascarenas. The court concluded that the ITP process was flawed because the City failed to follow its Purchasing Ordinance to select a vendor.

Following the court's entry of partial summary judgment, Mascarenas filed a pleading titled "Motion For Supplemental Relief Following Partial Summary Judgment." *Id*. at 109. Mascarenas asked the court to enter a declaratory judgment that the City had not complied with the Purchasing Ordinance and that the City's decisions under the ITP were invalid. Mascarenas also asked for an injunction requiring the City "to comply with its Purchasing Ordinance for [the City's] selection of authorized vendors of voluntary insurance for employees." *Id*. at 110. In its prayer for relief, Mascarenas repeated its request "for an injunction directing [the City] to comply with its Purchasing Ordinance for [its] selection of authorized vendors of voluntary insurance for employees[.]" *Id*.

About a month later and while the first suit was still pending, Mascarenas filed a second suit in state court concerning the City's failure to follow its Purchasing Ordinance. In the second suit, Mascarenas sued the City for damages arising from an alleged breach of contract and violation of its civil rights under § 1983.

A few weeks after the second suit was filed, the court in the first suit held a hearing on Mascarenas's motion for supplemental relief. At the hearing, the court learned that Mascarenas had filed the second suit. The following exchange took place between the court and Mascarenas's lawyer:

> THE COURT: This is where – I guess I was confused about that. When you say that he has filed a separate action for damages, are you saying he's filed a separate case for damages?
> LAWYER: Yes. Yes.
> THE COURT: So there is a different case proceeding in this Court basically based upon the same set of circumstances?
> LAWYER: Your Honor, it was – yes[.] [I]t presumes that the City's process was illegal, that it did not follow the purchasing ordinance, and illegal in other respects, too, and that that damaged Mr. Mascarenas. But those damages are not an issue in this case.

Aplt. App. at 163.

The City informed the court and Mascarenas that because the second suit contained a § 1983 claim, the City would probably remove the case to federal court and, in any event, would assert as affirmative defenses "law of the case, res judicata, collateral estoppel[.] [A]ll the preclusive defenses will be in it." *Id*. at 165. The court took Mascarenas's motion under advisement.

Despite being on notice that the City intended to raise claim preclusion as a defense in the second suit, Mascarenas did nothing in the nine days following the

- 4 -

hearing.  During that time, the City filed its notice of removal and filed its answer, which contained the preclusive defenses noted above.

While the removed federal court case was pending, the state court in the first suit entered a final order and judgment, noting that Mascarenas's motion for supplemental relief sought both declaratory and injunctive relief.  It also noted that Mascarenas had filed a second state court suit for damages, which had been removed to federal court.  The court granted Mascarenas's request for declaratory relief sought in the second amended petition for relief, but denied the motion for supplemental relief.  The court also dismissed the remaining claims as moot.

Armed with a final judgment in the first suit, the City filed a motion for summary judgment in the second suit based on claim preclusion.  The federal district court through a magistrate judge entered a memorandum opinion and order that granted summary judgment in favor of the City.[2]

## II.  DISCUSSION

### A.  Standard of Review and the Law of Claim Preclusion

"We review the district court's grant of summary judgment *de novo*, applying the same legal standard as the district court."  *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as

---

[2]The parties consented to having a United States magistrate judge decide the case that had been removed to federal court.

a matter of law." Fed. R. Civ. P. 56(a). "[T]he question of application of res judicata to the facts, viewed in the light most favorable to the nonmoving party, is a pure question of law to be reviewed *de novo*." *Pelt*, 539 F.3d at 1280 (internal quotation marks omitted).

We apply New Mexico law to determine whether claim preclusion, also known as res judicata, bars Mascarenas's second suit. "The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute, 28 U.S.C. § 1738, which directs a federal court to refer to the preclusion law of the State in which judgment was rendered." *Brady v. UBS Fin. Servs., Inc.*, 538 F.3d 1319, 1327 (10th Cir. 2008) (internal quotation marks omitted).

Under New Mexico law, "[t]he party asserting res judicata must satisfy the following four requirements: "(1) [t]he parties must be the same, (2) the cause of action must be the same, (3) there must have been a final decision in the first suit, and (4) the first decision must have been on the merits." *Kirby v. Guardian Life Ins. Co. of Am.*, 231 P.3d 87, 105 (N.M. 2010) (internal quotation marks omitted). "*Res judicata* bars not only claims that were raised in the prior proceeding, but also claims that could have been raised." *Id.* (internal quotation marks omitted). It applies to "preclude[] a claim when there has been a full and fair opportunity to litigate issues arising out of that claim." *Id.* (internal quotation marks omitted).

- 6 -

### B. *Mascarenas's Issues on Appeal*

Mascarenas argues on appeal that the district court's decision was wrong for the following reasons: (1) following removal of the second suit to federal court, the state district court in the first suit lacked jurisdiction to adjudicate or preclude Mascarenas's damage claims; (2) the City agreed to and acquiesced in a separate damages case; (3) the second suit falls within the declaratory judgment exception to claim preclusion; (4) New Mexico law authorizes a separate action for damages during or following an administrative appeal; (5) there was no final judgment in the first suit; (6) policy reasons do not support claim preclusion; (7) the damage claims relating to Mascarenas's vendor status are not entirely the same transaction as the ITP process; (8) Mascarenas did not have a full and fair opportunity to litigate its damages claims in state court; and (9) the federal court should have abstained under the *Younger* doctrine. We address each of Mascarenas's issues in turn.

### 1. *Removal of the Second Suit to Federal Court Did Not Oust the State Court of Jurisdiction to Resolve the First Suit*

Mascarenas argues that removal of the second suit to federal court eliminated the state court's jurisdiction in the first suit and that, because no final judgment had been entered in the first suit at the time of removal, there was no basis for the federal court's claim preclusion decision. We disagree. Removal of a state court case to federal court takes *that* case out of the state court's reach unless and until it is returned to the state court. *See* 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal . . . the defendant . . . shall . . . file a copy of the notice with

- 7 -

the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."). But Mascarenas's first suit was not and could not have been removed to federal court (because it contained no federal claim), and the state court properly proceeded to complete its work on that case and enter final judgment.

## 2. *The City Did Not Acquiesce to a Second Suit*

The Restatement (Second) of Judgments § 24(1) (1982) explains the general rule concerning "claim splitting":

> When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar . . . the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

According to Mascarenas, "the City agreed that the damages claims could and should proceed as a separate case by removing the damages case to federal court." Aplt. Opening Br. at 11. Mascarenas cites the Restatement (Second) of Judgments § 26(1) (1982), which provides: "When any of the following circumstances exists, the general rule [against claim splitting] does not apply to extinguish the claim . . . : (a) The parties have agreed in terms or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein." As explained further, "[a] main purpose of the general rule [against claim splitting] is to protect the defendant from being harassed by repetitive actions based on the same claim. The rule is thus not

- 8 -

applicable where the defendant consents, in express words or otherwise, to the splitting of the claim." *Id*. cmt. a.

Mascarenas's argument fails because the City did not consent to claim splitting. At the hearing in the first suit held shortly after the second suit had been filed, the City told Mascarenas and the court that it intended to assert claim preclusion as a defense,[3] hardly consent or acquiescence to the second suit—indeed, just the opposite.

### 3. *The Second Suit Does Not Come Within the Declaratory Judgment Exception to Claim Preclusion*

New Mexico recognizes the declaratory judgment exception to the application of res judicata. *See Principal Mut. Life Ins. Co. v. Straus*, 863 P.2d 447, 451 (N.M. 1993) (holding that following a suit for declaratory judgment that was limited in scope solely to a determination of liability, "[r]equests for damages may then be pursued in separate litigation as supplemental relief under the Declaratory Judgment

---

[3]Mascarenas also argues that "the City's defense of res judicata was raised <u>before</u> the state district court made its June 20, 2011 Order and Judgment, and thus the defense was premature and of uncertain meaning, because there was no final decision." Aplt. Opening Br. at 12. Mascarenas cites no authority for this proposition, and we have found nothing directly on point. We note, however, that the City did not file its motion for summary judgment in the federal court suit until after the state court entered its final order in the first suit. As such, when the federal district court ruled on claim preclusion, there was a final judgment in the first suit, thus satisfying one of the elements of claim preclusion under New Mexico law that there is a final judgment in the first suit. *See Kirby*, 231 P.3d 87, 105 (N.M. 2010).

Act, Section 44-6-9, or through other legal action," citing Restatement (Second) of Judgments § 33 cmt. c (1982).

But the comments to § 33 make clear that the exception applies where the only relief sought is declaratory relief:

> When a plaintiff seeks solely declaratory relief, the weight of authority does not view him as seeking to enforce a claim against the defendant. Instead, he is seen as merely requesting a judicial declaration as to the existence and nature of a relation between himself and the defendant. The effect of such a declaration, under this approach, is not to merge a claim in the judgment or to bar it. Accordingly, regardless of the outcome, the plaintiff or defendant may pursue further declaratory or coercive relief in a subsequent action.

*Id*. cmt. c.

The district court correctly concluded that Mascarenas brought claims for injunctive relief in the first suit and that those claims therefore disqualified the second suit from the declaratory judgment exception. *See* 18A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4446, at 313-14 ("So long as the request for declaratory relief is combined or followed with coercive relief, the claim-preclusion rules that apply to actions for coercive relief apply with full force.").

### 4. *New Mexico Law Does Not Provide for a Separate Damages Action During or Following an Administrative Appeal if Claim Preclusion Otherwise Applies*

Mascarenas argues that "New Mexico law contemplates and allows separate damages cases during or following judicial review actions under New Mexico's particular constitutional scheme." Aplt. Opening Br. at 22. He cites several New

Mexico Supreme Court and Court of Appeals cases, but not one is on point. Those cases hold that declaratory judgment actions and appellate review of administrative acts are subject to the same filing deadlines. *See, e.g., Smith v. City of Santa Fe*, 171 P.3d 300, 307 (N.M. 2007) (holding that a party who wishes to challenge an administrative act may do so through a declaratory judgment action provided that the action is filed within the time frame for seeking appellate review). But this shared filing deadline does not affect the issue here: whether Mascarenas could have and should have filed its damage claims in the first suit to protect against the application of res judicata. The City is correct that Mascarenas could have and should have asserted its damage claims in the first suit. *See Strickland v. City of Albuquerque*, 130 F.3d 1408, 1413 n. 6 (10th Cir. 1997) (holding that New Mexico case law did not preclude the plaintiff from asserting damages claims in his petition for review of a decision of the City's personnel board, and as such, res judicata barred the plaintiff from bringing a § 1983 suit in federal court).

**5.** ***The State Court Entered a Final Judgment on the Merits in the First Suit***

Mascarenas argues that there was no final judgment in the first suit because there were unresolved damage claims. This argument is factually incorrect because Mascarenas did not bring any damage claims in the first suit. We similarly reject the argument that "if [the court] in the first state court case had jurisdiction over the damages claims, . . . [the first judgment] was not final because the damage claims

were open and pending." Aplt. Opening Br. at 23. Again, this argument rests on the fiction that Mascarenas had filed damages claims in the first suit.

Mascarenas's citations for its argument are distinguishable because they concern cases where damage claims were filed and were unresolved, and thus there was no final judgment. *See, e.g., Bd. of Trs. of Vill. of Los Ranchos de Albuquerque v. Sanchez*, 101 P.3d 339, 341 (N.M. 2004) ("New Mexico courts adhere to the rule that an order or judgment is not final for purposes of appeal if the issue of damages is outstanding."). Although we acknowledge the general rule that a judgment may not be final if a damages claim has not been resolved, there was no unresolved damage claim in the first suit because no such claim was brought.[4]

**6. *Policy Considerations Support the Application of Claim Preclusion***

Mascarenas argues that policy reasons should preclude claim preclusion of its damages claims because the full extent of damages may not be known at the time of an administrative appeal. In this case, according to Mascarenas, "[t]he federal district court's preclusion decision leaves [it] in the unfortunate circumstances of

---

[4]Mascarenas faults the district court for its reliance on *Hatch v. Boulder Town Council*, 471 F.3d 1142 (10th Cir. 2006), primarily because that case was "decided with reference to Utah law." Aplt. Opening Br. at 23. *Hatch* held that "Utah follows the general rule that a dismissal for lack of jurisdiction does not bar another action by the plaintiff on the same claim." 471 F.3d at 1148, citing Restatement (Second) of Judgments § 20(1)(a) (1982). Given that New Mexico follows the Restatement, we conclude that where there is a "final judgment . . . on *one* of [Mascarenas's] claims, . . . the [New Mexico] courts would conclude that the judgment had a preclusive effect as to any claims that should have been brought, but were not." *Hatch*, 471 F.3d at 1148.

- 12 -

having no remedy for the City's illegal ITP process." Aplt. Opening Br. at 25. We disagree. Mascarenas could have avoided claim preclusion had it included its damages claims in its first suit, moved to consolidate its state court suits, or dismissed the second suit and moved to amend its petition in the first suit. Mascarenas had adequate time and opportunity to avoid claim preclusion after the City announced its intention to raise claim preclusion as an affirmative defense in the second suit. We further reject the argument that the prospect of claim preclusion forced Mascarenas to file its damage claims in haste and before the expiration of the statute of limitations. Mascarenas filed its damages suit before the first suit had been resolved and before the City raised the defense of claim preclusion.

### 7. *The Damage Claims in the Second Suit Arise From the Same Transaction in the First Suit*

"The New Mexico Supreme Court has adopted the rules set forth in *Restatement (Second) of Judgments* Sections 24 and 25 for defining the scope of a 'claim' or 'cause of action' that is barred by a prior judgment." *Strickland*, 130 F.3d at 1411, citing *Three Rivers Land Co. v. Maddoux*, 652 P.2d 240, 245 (1982), *overruled in part on other grounds by Universal Life Church v. Coxon*, 728 P.2d 467, 469 (1986). Section 24(2) provides:

> What factual grouping constitutes a 'transaction', and what groupings constitute a 'series', are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

- 13 -

Against this backdrop, Mascarenas argues that its second suit did not arise out of the transaction that was at issue in its first suit for judicial review of the City's ITP process:

> Before the City's ITP process was undertaken, [Mascarenas] had an ongoing relationship with the City, contractual or otherwise, under which [Mascarenas] offered voluntary insurance products to City employees. . . . During the ITP process [Mascarenas's] relationship was severed. . . .
>
> [Mascarenas] thus has two types of damages claims: 1) as an authorized vendor, whose relationship was severed wrongfully during the ITP process; and 2) as a disappointed bidder under the ITP.
>
> The facts concerning [Mascarenas's] claims for damages for breach of the vendor relationship overlap in some respects but also are different from the facts involved in the ITP process itself.

Aplt. Opening Br. at 26.

We disagree with this argument. Viewed under the Restatement factors, the facts underlying the two suits are part of the same transaction. First, the facts are related in time, space, and origin because Mascarenas's relationship with the City was severed at the same time it was not selected as a vendor under the ITP. Non-selection severed the former relationship while also rejecting Mascarenas as a vendor. Next, nothing prevented what Mascarenas has described as "two types of damages claims," Aplt. Opening Br. at 26, from being resolved in a single trial. Last, although there is not a business understanding or usage in this case, the City made its expectations clear by informing Mascarenas that it would seek to bar the second suit on the grounds of claim preclusion.

- 14 -

Also supporting our conclusion that the first and second suits here arose from the same transaction is

> [t]he present trend is to see claim in factual terms and to make it coterminous with the transaction regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff; regardless of the number of primary rights that may have been invaded; and regardless of the variations in the evidence needed to support the theories or rights.

Restatement (Second) of Judgments § 24, cmt. a. (1982). *See also id.*, cmt. c ("That . . . different legal theories . . . may apply to a given episode does not create multiple transactions and hence multiple claims. This remains true although the several legal theories depend on different shadings of the facts . . . or would call for different measures of liability or different kinds of relief.").

### 8. *Mascarenas Had a Full and Fair Opportunity to Litigate its Claims*

Mascarenas argues that it "could not litigate its damages claims in state court following the City's removal of those claims. Under the Restatement (Second) of Judgments 26(1)(c), lack of subject matter jurisdiction constitutes an exception to the general rule of claim preclusion." Aplt. Opening Br. at 28. To be sure, when a court lacks subject matter jurisdiction, its ruling on the merits is not afforded preclusive effect in later cases. But here the state court would have had jurisdiction over the

- 15 -

claims that Mascarenas attempted to bring in the second suit, and that is why the second suit was precluded by res judicata.**5**

Mascarenas's argument that for res judicata to apply, the second suit had to remain in state court, is also without merit. Federal courts often apply res judicata based on state court judgments in cases either removed to or filed directly in federal court. "The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute, 28 U.S.C. § 1738, which directs a federal court to refer to the preclusion law of the State in which judgment was rendered." *Brady*, 538 F.3d at 1327 (internal quotation marks omitted).

### 9. *The Federal District Court Did Not Err in Failing to Abstain Under* Younger

Mascarenas admits that it did not ask the district court to abstain under *Younger v. Harris*, 401 U.S. 37 (1971). Mascarenas did not even raise this issue until its reply brief in this appeal. We do not usually consider issues that were not raised in the district court or consider arguments made for the first time in a reply brief. However, we have said that "we can consider *Younger* abstention for the first time on appeal," *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006), and we address it briefly here.

---

[5]*See Strickland*, 130 F.3d 1412 (holding that there was "no barrier" to a plaintiff joining his claims under § 1983 to his state court action because "[t]he state court would have had subject matter jurisdiction over the § 1983 claims," citing *Martinez v. California*, 444 U.S. 277, 283, n. 7 (1980).

Under *Younger*,

> [a] federal court must abstain from exercising jurisdiction when:
> (1) there is an ongoing state criminal, civil, or administrative
> proceeding, (2) the state court provides an adequate forum to hear the
> claims raised in the federal complaint, and (3) the state proceedings
> involve important state interests, matters which traditionally look to
> state law for their resolution or implicate separately articulated state
> policies.

*Brown ex rel. Brown v. Day*, 555 F.3d 882, 887 (10th Cir. 2009) (internal

quotation marks omitted).

According to Mascarenas, "all three Younger considerations are met

[because] [a]t the time of removal, the first state court proceeding was

ongoing, and, arguably, that proceeding still is ongoing as the damages claims

are outstanding and under New Mexico law the state district court's decision is

not final until the damages claims are resolved." Aplt. Reply Br. at 9-10.

Mascarenas's argument lacks merit. The first suit is not ongoing.

When the federal court ruled that res judicata barred the second suit, the first

suit had been fully adjudicated. Indeed, the federal court took no action and

the City did not move for summary judgment until after the first suit in state

court was final. Under those circumstances, *Younger* abstention was not

required. *See D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228

(10th Cir. 2004) ("The rationale for *Younger* abstention can be satisfied,

however, by just staying proceedings on the federal damages claim until the

state proceeding is final."); *see also Edwards v. Illinois Bd. of Admissions to*

- 17 -

*the Bar,* 261 F.3d 723, 727-28 (7th Cir. 2001) (holding that application of the *Younger* doctrine was not appropriate because the state proceedings concluded between issuance of district court's order and the appellate court's decision reviewing the district court's order); *National Pharms. v. De Melecio*, 221 F.3d 235, 240 (1st Cir. 2000) ("A federal court cannot be expected to defer to local proceedings that either no longer exist . . . .").

The judgment of the district court is AFFIRMED.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge