2004-NMCA-108

98 P.3d 316

Margaret A. CASSIDY–BACA, Alfred L. Baca, and Andre Baca, Plaintiffs–Appellants,

v.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SANDOVAL, and Brad Stebleton, Senior Planner and Zoning Officer of Sandoval County, Defendants–Appellees.

No. 24,046.

Court of Appeals of New Mexico.

Sept. 29, 2003.

Certiorari Granted, No. 28,210, Nov. 3, 2003.

Certiorari Quashed, No. 28,210, Aug. 31, 2004.

Robert R. Fuentes, Fuentes & Associates, P.C., Rio Rancho, NM, for Appellants.

David L. Mathews, Bernalillo, NM, for Appellees.

*OPINION*

ALARID, Judge.

{1} Plaintiffs seek to appeal the district court's order upholding Defendants' denial of Plaintiffs' application for non-conforming use to mine. We issued an order denying the petition for untimeliness. Plaintiffs filed a timely motion for rehearing. We deny Plaintiffs' motion for rehearing and take this opportunity to clarify that motions for extensions to file the petition for writ of certiorari must be filed in this Court.

{2} In this case, the district court entered its final order on April 24, 2003. Plaintiffs filed their petition for writ of certiorari in this Court on June 6, 2003, twenty-three days after the time for doing so had expired. *See* Rule 12–505(C) NMRA 2003 (providing that a "petition for writ of certiorari shall be filed with the clerk of the Court of Appeals within twenty (20) days after entry of the final action by the district court"). When unusual circumstances beyond the control of the parties exist, such as judicial error, we may overlook a procedural defect. *See Trujillo v. Serrano*, 117 N.M. 273, 278, 871 P.2d 369, 374 (1994).

■ {3} Plaintiffs represent that the district court granted two motions to extend the time to file the petition. If we were persuaded that the district court's grant of the motions to extend led Plaintiffs to believe that the extensions were properly sought, we would consider overlooking the untimeliness of the petition. However, the facts of this case do not present such unusual circumstances. The petition attaches only one order granting an extension that has no filing date and does not attach Plaintiffs' first extension motion. *See State v. Jim,* 107 N.M. 779, 780, 765 P.2d 195, 196 (Ct.App.1988) (stating that it is the appellant's burden to provide us with a record sufficient for review of the issues raised on appeal). Although Plaintiffs represent that the district court orally granted the extension, they concede that the first order granting an extension was entered on May 15, 2003, twenty-one days after entry of the final order. *Cf. Smith v. Love,* 101 N.M. 355, 356, 683 P.2d 37, 38 (1984) (holding that an oral ruling is ineffective to trigger the time in which to file the notice of appeal). Because Plaintiffs did not know whether their extension was formally granted before the twenty-day deadline for filing the petition for certiorari in this Court, Plaintiffs' failure to file a timely petition cannot be characterized as a result of a court-caused confusion.

■ {4} Relying on the two extensions granted by the district court, Plaintiffs ask us to accept their petition as timely. Plaintiffs urge us to treat motions for extensions to file certiorari petitions as we do motions to extend the time to file notices of appeal. No rule allows district courts the authority to grant extensions to file certiorari petitions. *Compare* Rule 12–201(E)(1) NMRA 2003 (allowing district courts the discretion to extend the time for filing notices of appeal in district courts), *with* Rule 12–505(C) (containing no language permitting district courts to grant time extensions for filing petitions for writs of certiorari in this Court).

■ {5} Moreover, in *State v. Brionez,* we clarified that a party should request an extension to file a document of the same court in which the party files that document. 90 N.M. 566, 567, 566 P.2d 115, 116 (Ct.App. 1977) (holding that the district court had no authority to grant an extension of time to file the docketing statement because the docketing statement is filed with this Court). Because the Rules of Appellate Procedure require the notice of appeal to be filed in district court and the petition for writ of certiorari to be filed in the Court of Appeals, the district court had no authority to extend the time for Plaintiffs to file the certiorari petition in this Court. Furthermore, only unusual circumstances will justify this Court's exercise of discretion to grant motions to extend the time to file petitions for certiorari. *Hyden v. N.M. Human Servs. Dep't,* 2000–NMCA–002, ¶ 17, 128 N.M. 423, 993 P.2d 740.

{6} For the reasons stated above, we deny Plaintiffs' motion for rehearing.

{7} **IT IS SO ORDERED.**

WE CONCUR: MICHAEL D. BUSTAMANTE and CELIA FOY CASTILLO, Judges.