**Certiorari Denied, December 21, 2011, No. 33,321**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2012-NMCA-011**

**Filing Date:  September 27, 2011**

**Docket No. 30,988**

**KIM AUDETTE and SOPHIA PERON,**

**Petitioners-Appellants,**

**v.**

**CITY OF TRUTH OR CONSEQUENCES
COMMISSIONERS LORI MONTGOMERY,
FRED TORRES, EVELYN RENFRO, JERRY
STAGNER, STEVE GREEN; HOT SPRINGS
LAND DEVELOPMENT, LLC; and HOT
SPRINGS MOTORPLEX DEVELOPMENT, LLC,**

**Respondents-Appellees.**

**APPEAL FROM THE DISTRICT COURT OF SIERRA COUNTY
Edmund H. Kase, III, District Judge**

Kim Audette
Truth or Consequences, NM

Pro Se Appellant

Sophia Peron
Truth or Consequences, NM

Pro Se Appellant

Jaime F. Rubin, LLC
Jaime F. Rubin
Truth or Consequences, NM

for Appellee City of Truth or
Consequences/Commissioners

1

Modrall, Sperling, Roehl, Harris & Sisk, P.A.
John J. Kelly
Emil J. Kiehne
Albuquerque, NM

for Appellees Hot Springs Land
Development, LLC and Hot Springs
Motorplex Development, LLC

**OPINION**

**VANZI, Judge.**

**{1}** Kim Audette and Sophia Peron seek appellate review of two district court orders in an administrative appeal from the decision of a city zoning commission. Rather than filing a petition for writ of certiorari in this Court as required by the relevant statutes and Rule 12-505 NMRA, Audette and Peron filed a notice of appeal and a docketing statement. Because the docketing statement substantially complies with the content requirements of Rule 12-505(D)(2), we accept their docketing statement as a non-conforming petition. Also, because they requested an extension of time to file their docketing statement within the thirty-day deadline of Rule 12-505(C), and this Court granted the extension, we conclude that their non-conforming petition was timely. However, as the non-conforming petition does not demonstrate that discretionary review is warranted, we deny the petition.

**BACKGROUND**

**{2}** The commissioners of the City of Truth or Consequences (Commissioners) passed an ordinance granting Hot Springs Land Development, LLC, a/k/a Hot Springs Motorplex Development, LLC, (Hot Springs) a zoning change for 8,200 acres near the municipal airport. Audette and Peron appealed to the district court in accordance with NMSA 1978, Section 3-21-9 (1999), and NMSA 1978, Section 39-3-1.1(C) (1999), which permit a person aggrieved by a decision of a municipal zoning agency to appeal as of right to the district court.

**{3}** The district court issued a non-final decision containing its findings of fact and conclusions of law and explaining its reasoning for concluding that the appeal was without merit. *See Curbello v. Vaughn*, 76 N.M. 687, 687, 417 P.2d 881, 882 (1966) (stating that where the district court had entered findings and conclusions but had not entered an order or judgment carrying out the findings and conclusions, no final order had been entered in the case for purposes of appeal); *High Ridge Hinkle Joint Venture v. City of Albuquerque*, 119 N.M. 29, 37, 888 P.2d 475, 483 (Ct. App. 1994) (stating that a final order must contain decretal language). Audette filed a motion for reconsideration of the district court's decision. On May 10, 2010, the district court filed a final order affirming the zoning

2

decision, as well as an order denying Audette's motion for reconsideration. Later that afternoon, the Commissioners and Hot Springs filed a motion to sanction Audette for the frivolous filing of her motion for reconsideration. The Commissioners and Hot Springs sought reasonable attorney fees for defending the motion. On December 10, 2010, the district court entered an order granting the motion for sanctions but postponed a decision on the amount of attorney fees to be awarded pending submission of a cost bill and any objections to the bill.

**{4}** On December 13, 2010, Audette and Peron filed a notice of appeal with the district court clerk. Audette and Peron then filed a docketing statement on February 18, 2011, raising claims of error directed at both the order affirming the underlying zoning decision and the order for sanctions. The Commissioners and Hot Springs moved to dismiss that portion of the appeal directed at the order affirming the zoning decision. The motion asserted that Audette and Peron were not entitled to an appeal as of right from the zoning decision since Section 39-3-1.1(E) only permits a party who has appealed as of right to the district court to seek discretionary review in this Court by way of a petition for writ of certiorari. We requested supplemental briefing on the question whether the notice of appeal and docketing statement should be accepted in lieu of a petition for writ of certiorari.

## DISCUSSION

### Audette's and Peron's Non-Conforming Document Will Be Accepted as a Petition for Writ of Certiorari

**{5}** Although Audette and Peron failed to file a petition for writ of certiorari, we have held that a docketing statement that substantially complies with the content requirements for a petition for writ of certiorari will be accepted as a petition despite the fact that its form and content do not precisely comply with the requirements of Rule 12-505. *See Wakeland v. N.M. Dep't of Workforce Solutions*, 2012-NMCA-021, ¶ 16, 274 P.3d 766 (No. 31,031, Sept. 27, 2011). Because Audette's and Peron's docketing statement contains information sufficient to determine whether the issues they raise meet the requirements for granting a petition for writ of certiorari, we construe their docketing statement as a petition. *See id.*

### Audette's and Peron's Non-Conforming Petition Was Timely Because They Sought an Extension of Time to File the Document Prior to the Expiration of the Thirty Days for Filing a Petition and the Extension Was Granted

**{6}** Audette's and Peron's non-conforming petition was not filed within thirty days of the district court's order as required by Rule 12-505(C). In such circumstances, this Court would generally only excuse the late filing if it was due to unusual circumstances beyond Audette's and Peron's control. *See Gulf Oil Corp. v. Rota-Cone Field Operating Co.*, 85 N.M. 636, 636, 515 P.2d 640, 640 (1973) (per curiam) (holding that, as with the time requirement for a notice of appeal, the timely filing of a petition for writ of certiorari is a mandatory precondition to the exercise of an appellate court's jurisdiction that will not be

3

excused absent unusual circumstances). Here, however, Audette and Peron requested an extension of time to file the docketing statement and, because they did so on January 7, 2011, prior to the thirty-day deadline imposed by Rule 12-505(C), we conclude that their non-conforming petition was timely.

**{7}** In previous cases, we have held that a showing of unusual circumstances is required in order to warrant an extension of time to file a petition for a writ of certiorari. *See Cassidy-Baca v. Bd. of Cnty. Comm'rs of Cnty. of Sandoval*, 2004-NMCA-108, ¶ 3, 136 N.M. 307, 98 P.3d 316 (declining to grant an extension of time to file a petition for writ of certiorari where there was no showing of unusual circumstances); *Hyden v. N.M. Human Servs. Dep't*, 2000-NMCA-002, ¶ 17, 128 N.M. 423, 993 P.2d 740 (requiring a showing of unusual circumstances in order to grant an extension). However, in those cases, the extension was sought after the mandatory time for filing such that, in essence, the parties were asking the Court to excuse their failure to file the petition by the mandatory date. We do not believe that the rule requiring unusual circumstances is intended to apply when a party seeks an extension of time to file a petition for writ of certiorari prior to the expiration of the deadline. In fact, this Court routinely grants such requests for extensions when the motion demonstrates good cause.

**{8}** Because this Court often grants extensions of time to file petitions for writ of certiorari when the request for the extension is made prior to the date that the petition is due, the same rule should be applicable to non-conforming petitions such as the docketing statement filed here. Therefore, because Audette and Peron sought an extension of time to file their docketing statement before their petition was due under Rule 12-505(C) and because this Court granted the extension, we conclude that their petition is timely.

**{9}** We emphasize, however, that when a party mistakenly files a notice of appeal and, after the time for filing a petition has passed, the party seeks an extension of time to file the docketing statement, an order from this Court extending the time to file the docketing statement will not automatically excuse the untimely filing of the non-conforming document that is to be construed as a petition. Extensions of time to file the docketing statement in this Court are routinely granted, as the timely filing of a docketing statement is not a mandatory precondition to the exercise of this Court's jurisdiction. Although the party may not realize that they have employed the wrong procedures in bringing an appeal before this Court, a party cannot rely on their own mistake in presenting their case as if it were an appeal as of right and in obtaining a routine extension to file the docketing statement as a basis for claiming that the non-conforming petition was timely. An extension that this Court would not have granted if it were clear that what was actually being requested was that the Court excuse the untimely filing of a non-conforming petition will not itself excuse the late filing. Therefore, when the request for an extension of time to file the docketing statement is made after the time for filing a petition for writ of certiorari has passed, and if we have granted the motion for the extension, we will excuse the late filing only when the party's motion or other documents filed in this Court demonstrate the kind of unusual circumstances warranting the acceptance of an untimely filing.

**{10}** Although we conclude that Audette's and Peron's non-conforming petition was timely as to the December order on sanctions, Hot Springs and the Commissioners argue that the petition was not timely as to the May order on the merits of the zoning decision, such that this Court should not consider any issues related to the zoning decision. Our Supreme Court has held that when a district court issues a decision on the merits and then later issues a decision on a collateral issue, such as whether to grant attorney fees, a party may choose to wait until the collateral matter is resolved to file the notice of appeal as to all issues. *Exec. Sports Club, Inc. v. First Plaza Trust*, 1998-NMSC-008, ¶ 14, 125 N.M. 78, 957 P.2d 63. Under such circumstances, the appellant can file the notice of appeal within thirty days of the order on the collateral matter, and the notice will be effective as to the judgment on the merits. *See id.* An order granting attorney fees but not setting the amount, such as the order in this case, constitutes a final, appealable order. *See id.* ¶ 13.

**{11}** However, in *San Juan 1990-A, L.P. v. El Paso Production Co.*, 2002-NMCA-041, ¶ 21, 132 N.M. 73, 43 P.3d 1083, we held that an order sanctioning a party for discovery violations and awarding attorney fees was not the sort of collateral post-judgment order that would toll the time for filing a notice of appeal from the judgment on the merits, and when the appellants failed to file a timely notice of appeal from the order on the merits and instead waited for the entry of the sanctions order to file their notice of appeal, their appeal of the merits was untimely. *San Juan* distinguishes cases like *Executive Sports Club* by stating that the award of attorney fees in those cases was for the whole litigation and may have involved a "substantive evaluation of legal and factual issues involved in the case[,]" whereas in *San Juan*, the sanction was just for a discovery violation, and the parties stipulated to the order on sanctions such that the district court did not have to make any substantive decisions. *San Juan*, 2002-NMCA-041, ¶¶ 19, 21 (internal quotation marks and citation omitted).

**{12}** *San Juan* does not control this case. Here, unlike the circumstances in *San Juan*, the parties did not enter into a stipulation regarding the sanctions, and the question decided by the district court—whether Audette had taken a frivolous position in her motion to reconsider—involved a substantive decision regarding the legal and factual issues in the case. Therefore, in accordance with *Executive Sports Club*, Audette and Peron could wait to file a notice of appeal from the sanctions order, and the notice was effective as to both the sanctions order and the order on the merits.

**The Petition Is Denied**

**{13}** We have reviewed Audette's and Peron's non-conforming petition. Because this case was erroneously presented to this Court as an appeal as of right, the entire record proper has been filed in this Court. However, with respect to the underlying zoning decision, we have only considered those documents in the record that should have been attached to a petition for writ of certiorari. *See* Rule 12-505(D)(3) (stating that a petition shall have attached the final order or judgment of the district court and any findings or decisions leading to the order or judgment, a copy of the administrative decision, and a copy of the statements of appellate issues filed in the district court). With respect to the order on

sanctions, we have considered all of the documents in the record proper on that issue. After reviewing the petition and the relevant material in the record, we deny the petition, as it does not present a question meriting discretionary review pursuant to Rule 12-505(D)(2)(d).

**CONCLUSION**

**{14}** Audette and Peron were required to file a timely petition for writ of certiorari in order to seek discretionary appellate review in this Court. Because their docketing statement is sufficient to constitute a non-conforming petition for writ of certiorari, and because they timely sought an extension of time to file the non-conforming petition, we have considered the petition on the merits. The petition is denied.

**{15}    IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**CYNTHIA A. FRY, Judge**

**Topic Index for** _Audette v. City of Truth or Consequences_**, No. 30,988**

| | |
|---|---|
| **AE** | **APPEAL AND ERROR** |
| AE-AF | Attorney Fees |
| AE-CF | Certiorari |
| AE-DS | Docketing Statements |
| | |
| **GV** | **GOVERNMENT** |
| GV-MU | Municipalities |
| GV-ZL | Zoning Law |
| | |
| **CP** | **CIVIL PROCEDURE** |
| CP-CO | Collateral Order |
| CP-PS | Pro Se or Self Represented Litigant |
| CP-TL | Time Limitations |