This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**AMANDA L. SINFUEGO,**

Petitioner-Appellant,

v. NO. 33,998

**BOARD OF COUNTY COMMISSIONERS FOR CURRY COUNTY, NEW MEXICO, a political subdivision existing under the laws of the State of New Mexico,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**David P. Reeb, Jr., District Judge**

Eric D. Dixon
Portales, NM

for Appellant

Doerr & Knudson, P.A.
Stephen Doerr
Portales, NM

for Appellee

## MEMORANDUM OPINION

**VANZI, Judge.**

{1}     Petitioner has sought certiorari review of the district court's order dismissing the petition for writ of certiorari and quashing its writ. We issued an order granting the petition for writ of certiorari and issued a notice of proposed summary disposition, proposing to reverse. Respondent has filed a memorandum in opposition to our notice. We have considered Respondent's response to our notice, and we are not persuaded that Petitioner should have filed a direct appeal. We reverse the district court's dismissal of the petition for writ of certiorari and remand for issuance of the writ.

{2}     In response to our notice, Respondent argues that the Curry County Personnel Policy confers a right to Petitioner to a "direct appeal" in district court and, therefore, the district court properly dismissed Petitioner's petition for writ of certiorari. [MIO 2] Respondent contends that neither Rule 1-074 NMRA nor Rule 1-075 NMRA provide the proper mechanism for appeal. [MIO 2] Notably, Respondent does not identify the governing rule and does not explain how Petitioner should have proceeded.

{3}     As we stated in our notice, the Curry County Policies and Procedures states that an employee may appeal the decision of the personnel hearing officer to the district court within thirty days of the adverse decision and does not instruct the party to file a notice of appeal. [RP 21] Importantly, review by the district court is limited to reasons that mirror the certiorari review standards set forth in NMSA 1978, Section

2

39-3-1.1(D) (1999). [RP 20] Regardless of whether the Curry County Policies and Procedures can be considered to have conferred a statutory right to appeal within the meaning of Rule 1-074 or Rule 1-075, Petitioner appropriately sought review under certiorari standards in district court. *See* Rule 1-074(A) ("This rule governs appeals from administrative agencies to the district courts when there is a statutory right of review to the district court, whether by appeal, right to petition for a writ of certiorari, or other statutory right of review."); Rule 1-075(A) ("This rule governs writs of certiorari to administrative officers and agencies pursuant to the New Mexico Constitution when there is no statutory right to an appeal or other statutory right of review."). Most importantly, Petitioner sought review in a timely manner—sixteen days after the letter decision from the personnel hearing officer—whether the time is judged under the time requirements of the Curry County Policies and Procedures or Rule 1-074(E), Rule 1-075(D), or Section 39-3-1.1(C). [RP 21, 29-30]

{4} "Generally, New Mexico courts have not been stringent about the form and content requirements of documents filed in an effort to seek appellate review, so long as the information provided in the non-conforming document is adequate to convey the basic intent of the party filing the document." *Wakeland v. N.M. Dep't of Workforce Solutions*, 2012-NMCA-021, ¶ 7, 274 P.3d 766. In fact, New Mexico case law encourages our courts to review timely appeals on their merits, where adequate

3

information is supplied in the timely document. *See Audette v. City of Truth or Consequences*, 2012-NMCA-011, ¶ 1, 270 P.3d 1273 (construing a docketing statement and notice of appeal, timely filed pursuant to an extension, as a non-conforming petition for writ of certiorari and addressing the merits of the writ); *Wakeland*, 2012-NMCA-021, ¶ 16 (holding that we should accept a docketing statement that substantially complies with the content requirements for a petition for writ of certiorari as a non-conforming petition despite the fact that its form and content do not precisely comply with the requirements of Rule 12-505 NMRA); *Govich v. N. Am. Sys., Inc.*, 1991-NMSC-061, ¶¶ 12-13, 112 N.M. 226, 814 P.2d 94 (1991) (holding that a notice of appeal was effective even though it did not meet technical requirements because it complied with the jurisdictional time and place of filing requirements, and the opposing party was not prejudiced by the defects in the notice). In *Govich*, the New Mexico Supreme Court declared that "[t]he [long-standing] policies in this state, and the purpose of the rule, are vindicated if the intent to appeal a specific judgment fairly can be inferred from the notice of appeal and if the appellee is not prejudiced by any mistake." 1991-NMSC-061, ¶ 13.

{5} As we recognized in *Wakeland*, notices of appeal, prerequisites to proper exercise of jurisdiction over a case, are required to contain very little information; in fact, no information about the issues raised on appeal is required for a notice of appeal to be effective. 2012-NMCA-021, ¶ 14. Thus, to the extent that Petitioner may have

4

been required to file a notice of appeal and statement of appellate issues under Rule 1-074, the district court should have accepted the petition for writ of certiorari as sufficiently triggering its jurisdiction to address the merits of the appeal.

**{6}** It is not clear to this Court what Respondent understands a "direct appeal" to entail in this case, and why Respondent believes that Petitioner has attempted to make an end-run around the rules by filing a petition for writ of certiorari. As we stated in our notice, there seems to be no dispute that the County is an administrative agency and that it administrates rules governing its employees, including a system of remedies for aggrieved employees. We can see no reason why the County's decision to terminate Petitioner's employment and its review process for that decision should be considered anything other than an administrative, quasi-judicial proceeding. Appeals from administrative agencies are governed by Section 39-3-1.1, and reversals are limited to review under petition for writ of certiorari standards, which accords a high degree of deference to the administrative agency. We fail to see an attempt at an end-run around the rules.

**{7}** For the reasons stated in this Opinion and in our notice, we reverse the district court's dismissal of the petition for writ of certiorari and remand for the district court to address the appeal on the merits.

**{8}** **IT IS SO ORDERED.**

5

                                 _____
                                 **LINDA M. VANZI, Judge**


**WE CONCUR:**



_____
**JONATHAN B. SUTIN, Judge**



_____
**MICHAEL E. VIGIL, Judge**