This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**JOHN DOYLE,**

Petitioner-Appellant,

v.                                                          **NO. 34,334**

**CITY OF ALBUQUERQUE,**

Respondent-Appellee.


**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alan Malott, District Judge**

Kennedy, Kennedy & Ives, LLC
Shannon L. Kennedy
Albuquerque, NM

Grover Law, LLC
Thomas R. Grover
Albuquerque, NM

for Appellant

Kathryn Levy
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Appellant John Doyle (Petitioner) argues that the district court erred in affirming the City of Albuquerque's Personnel Board's decision upholding his termination for just cause based on his kicking Nicholas Blume in the head in an unauthorized use of deadly force. [DS 12; RP Vol.4/1120, 1131] Our notice proposed to dismiss because Petitioner failed to file a timely petition for writ of certiorari for purposes of affording this Court with jurisdiction to hear the appeal. In response, Petitioner filed a memorandum in opposition, but we are not persuaded by his arguments. We accordingly dismiss.

{2}     Pertinent to our dismissal, we consider the following, as set forth in our notice. The district court's memorandum opinion and order was filed on November 12, 2014. [RP Vol.4/1120] As provided in the memorandum opinion [RP Vol.4/1120], this case was handled below as an administrative appeal pursuant to Rule 1-074 NMRA (governing administrative appeals to the district court). In such instance, Rule 12-505 NMRA governs this Court's review of the district court's decision. *See* Rule 1-074(V) ("An aggrieved party may seek further review of an order or judgment of the district court in accordance with Rule 12-505 NMRA of the Rules of Appellate Procedure."). Rather than a direct appeal, Rule 12-505(B)&(C) requires a party to seek discretionary review in this Court by filing a petition for writ of certiorari in this Court within thirty

days after entry of the final action by the district court.

{3}     In this case, Petitioner did not file a petition for writ of certiorari within thirty days of entry of the final order. Instead, Petitioner filed a notice of appeal in district court [RP Vol.4/1137], and then a docketing statement in this Court. In *Wakeland v. New Mexico Department of Workforce Solutions*, 2012-NMCA-021, ¶ 13, 274 P.3d 766, we held that a notice of appeal alone is not an adequate substitution for a petition for writ of certiorari. We did, however, hold that a non-conforming document, such as a docketing statement, will be considered as a petition for writ of certiorari where the document provides sufficient information to allow assessment of the merits of the petition and was filed in this Court within the time limits for filing a petition for writ of certiorari. *Id*. ¶¶ 7, 16, 18. Here, however, the docketing statement was not filed within the thirty days required for a petition for certiorari. For this reason, even considering the docketing statement as a non-conforming petition for writ of certiorari, it was not filed within the time limits for filing a petition of writ of certiorari, thereby depriving this Court of jurisdiction to consider the appeal. *See* Rule 12-505(C) (stating that a petition for writ of certiorari shall be filed within thirty days after entry of the final action by the district court); *see also Gulf Oil Corp. v. Rota-Cone Field Operating Co.*, 1973-NMSC-107, ¶ 2, 85 N.M. 636, 515 P.2d 640 (per curiam) (holding that, as with the time requirement for a notice of appeal, the timely

filing of a petition for writ of certiorari is a mandatory precondition to the exercise of an appellate court's jurisdiction that will not be excused absent unusual circumstances); *Mascarenas v. City of Albuquerque*, 2012-NMCA-031, ¶¶ 17-24, 274 P.3d 781 (in the context of the district court's review of the city personnel board's termination decision, declining, in the absence of a Rule 12-505 petition, to review issues arising from the court's appellate jurisdiction). We further note that, although we may excuse the late filing if it was due to unusual circumstances, *Mascarenas*, 2012-NMCA-031, ¶ 23, there are no unusual circumstances in the present case. *See Cassidy-Baca v. Bd. of Cnty. Comm'rs of Cnty. of Sandoval*, 2004-NMCA-108, ¶ 3, 136 N.M. 307, 98 P.3d 316 (declining to grant an extension of time to file a petition for writ of certiorari where there was no showing of unusual circumstances).

{4} Lastly, we acknowledge that when the district court invokes its original jurisdiction, a direct appeal rather than a petition for writ of certiorari is appropriate. *See generally Mascarenas*, 2012-NMCA-031, ¶¶ 1, 16-24 (holding that when a district court has exercised both its appellate and original jurisdiction, the appellant should pursue an appeal by filing a Rule 12-505 petition to address issues stemming from the exercise of the district court's appellate jurisdiction, and a direct appeal to address issues stemming from the exercise of the district court's original jurisdiction). For reasons discussed below, however, the present case does not present an issue on

appeal in which the district invoked its original jurisdiction below to consider a constitutional claim, or for that matter which even presented the district court with an opportunity to invoke its original jurisdiction for purposes of a subsequent direct appeal to this Court. [MIO 3]

{5}     As presented in the docketing statement, the issue on appeal is as follows: "Did Officer Doyle employ an objectively reasonable level of force upon Mr. Blume by kicking Mr. Blume prior to his partner officer restraining him in handcuffs?" [DS 12] This issue relates to Petitioner's argument below that, in considering whether Petitioner used excessive force, the hearing officer should have evaluated the force pursuant to the Fourth Amendment's "objective reasonableness" standard, as opposed to relying on the City's policy regarding the use of force by police officers as defined by the Reactive Control Model (RCM). [RP Vol. 3/998; Vol.4/1131] This Fourth Amendment standard for evaluating deadly force is pertinent when an issue is presented as to whether the Fourth Amendment rights of a person other than the officer have been violated. *See, e.g.*, *Archuleta v. Lacuesta*, 1999-NMCA-113, ¶ 8, 128 N.M. 13, 988 P.2d 883 (providing that when analyzing whether an officer's actions create liability for tort claims on the basis that the officer violated the plaintiff's constitutional right to be free from an unreasonable seizure under the Fourth Amendment, the reasonableness of an officer's use of force is measured "from the

5

perspective of the officer on the scene, with the understanding that officers must often make split-second decisions in difficult situations"); *State v. Mantelli*, 2002-NMCA-033, ¶¶ 22-23, 131 N.M. 692, 42 P.3d 272 (in determining whether a deadly-force seizure is reasonable as a "justifiable homicide", a suspect's rights under the Fourth Amendment have to be balanced against the government's interests in effective law enforcement under an "objective reasonableness standard." (internal quotations and citation omitted)).

{6}    Thus, central to the Fourth Amendment inquiry in the foregoing cases is the underlying claim that the officer violated another person's constitutional right to be free from unreasonable seizures under the Fourth Amendment by using excessive force. Here, the pertinent argument as presented below and on appeal, however, does not raise an asserted violation of Petitioner's constitutional rights, but instead advocates only that, in evaluating his termination for just cause, a constitutional standard should have been used in evaluating whether Petitioner used excessive force in his seizure of suspect Nicholas Blume. In our view, the district court's refusal to import constitutional guidelines when considering the City's policy regarding the use of force by police officers [RP Vol.4/1131] does not equate to a claim that Petitioner's constitutional rights were violated for purposes of invoking the district court's original jurisdiction. *Cf. Victor v. N.M. Dep't of Health*, 2014-NMCA-012, ¶¶ 15, 24-25, 316

P.3d 213 (holding that the appellant's claims that the regulations violated her due process rights exceeded the scope of the hearing officer's review and invoked the district court's original jurisdiction such that the due process issue was properly before this Court as an appeal as of right pursuant to Rule 12-201 NMRA). Stated another way, Petitioner's argument that the same case law that is used to decide constitutional claims should apply to the City's policy regarding the use of force by officers does not transform the proceedings into an exercise of the district court's original jurisdiction, or even a situation where the district court should have invoked its original jurisdiction. [MIO 3] Because the district court's application of the City's policy on the use of force by police officers as defined by the RCM did not involve an inquiry into whether Petitioner's constitutional rights were violated, we hold that the matter before the district court did not invoke its original jurisdiction. **{7}** And lastly, we acknowledge Petitioner's assertion that he "raised an issue of due process in his discharge" [MIO 2] when he argued below that "Chief Shultz disciplined [him] in violation of due process." [RP Vol.3/995, Vol. 41132] However, this due process argument was premised on different grounds [RP Vol.3/998, Vol. 3 1132] than the argument raised on appeal that the excessive force claim should have been evaluated under the Fourth Amendment's "objective reasonableness" standard. [DS 12; MIO 2] Moreover, a general reference to "due process" does not mean that a district court's

7

is precluded from exercising its appellate jurisdiction. Nevertheless, because the issue raised on appeal relates to Defendant's Fourth Amendment "objective reasonableness" argument, which does not invoke the district court's original jurisdiction, a timely petition for writ of certiorari was required to invoke our jurisdiction to hear the appeal.

**{8}** For the reasons discussed above and in our notice, we dismiss based on an untimely [non-conforming] petition for writ of certiorari.

**{9}** **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**M. MONICA ZAMORA, Judge**